THE ST. LAWRENCE MUTUAL INSURANCE COMPANY *v.* DAVID S. PAIGE and MARY PAIGE.

In an action upon a premium note in a district court, an averment in the complaint, after setting out the note, that "the company did, in the years 1850–1855, make assessments upon the said notes, and required the defendants to pay a certain portion thereof, which assessments the defendants have neglected and refused to pay," is a sufficient averment of the making of assessments, and of a demand and refusal, to show a cause of action. If the defendant wishes more particular infor-mation, he must apply to have the pleading amended.

To sustain such an action, it is not necessary for the company to show that they have sustained losses. The statute vests in the directors the right of making assessments whenever they shall deem it necessary, for the honorable and prompt payment of losses, or of the expenses of the company, and the right of deciding when such assessments are necessary.

But only the amount actually assessed can be recovered in such action; and a reso-lution laying an assessment of —— per cent. is a nullity, and can form no basis for a claim upon the note.

The books of a corporation may be proved by any person who was present when they were made, and who knows of his own knowledge that they are correct records of the transactions which they profess to record. The secretary need not be called to verify them himself.

APPEAL by defendants from a judgment of the Second District Court. This action was brought on two premium notes. The complaint averred the making of two such notes by Mary Bourne, since become the wife of the defendant David S. Paige, the ag-gregate amount of which was $33.25. It then proceeded as fol-lows:—

"And the said plaintiffs further say, that in pursuance of the

act of incorporation the said company did, in the years 1850 1851, 1852, 1853, 1854, and 1855, make assessments upon the said notes, and required the said defendant, Mary Bourne (now Paige), to pay a certain portion thereof, which assessments the said defendant has neglected and refused to pay, whereby an action hath accrued to the said plaintiffs, to have and demand of the said defendants the full amount of the said notes."

To this complaint the defendants demurred, and assigned, as cause of demurrer: I. That it did not appear that the directors of the company made an assessment on the notes in question. II. That it did not appear there had been any losses by the said company. III. That it did not appear that any demand was made on the defendants for payment before the commencement of the action. The demurrer was overruled, and the defendants' counsel excepted. The defendants then put in their answer, and the cause proceeded to trial.

The plaintiffs produced the notes, as described in the complaint, proved the handwriting of the defendant Mary Bourne, and offered some evidence tending to show that she had since become the wife of the defendant David S. Paige. They then introduced a witness who produced the records of the company, and who testified that he knew them to be the records, that he was present at the meetings whose transactions they recorded, and was afterwards at the office when the secretary made the records up, and that he knew them to be correct. The following resolutions were then read from the records:

"At the annual meeting, April 5th, 1852, it was Resolved, that twenty per cent. be laid on all notes taken prior to July 1st, 1851."

"At the annual meeting, in 1853, it was Resolved, that —— per cent. be laid on all insurance notes, &c."

The plaintiffs also introduced some evidence as to the losses which they had been obliged to pay, and the necessity for making the assessments.

At the close of the plaintiffs' case the defendants moved for a nonsuit, on the grounds, 1st, That there was no proof of the

plaintiffs' incorporation; 2d, That there was no evidence that an assessment was made by the directors on the note in question; 3d, That the books were not properly proved, so as to be admissible as evidence of the transactions of the company. The motion for nonsuit was denied, and the defendants offering no evidence, judgment was given against them for the face of their notes. From this judgment they appealed.

*N. A. Chedsey*, for the appellants.

*Edwards, Man and Flanders*, for the respondents.

INGRAHAM, FIRST JUDGE.—The first objection taken in this case is, to the overruling of the demurrer to the complaint.

The grounds of demurrer were: 1. That it did not appear that the directors made any assessments on the notes of defendants.

2. That it did not appear the company had sustained any losses.

3. That no demand was averred.

The complaint contains an averment that the company did, at various times, make assessments upon the notes, and required such payments.

This was sufficient to show a cause of action in this respect. If the defendants required more particular information, they should have applied to the court to have the pleading amended. It is not so defective that the defendants could not understand it, or so defective as not to show that an assessment had been made. These are the only grounds of demurrer allowed by the Code in the district courts.

The alleged defect in the complaint, in not averring that the plaintiffs were a corporation, was not stated in the demurrer as a ground of demurring, and was therefore of no avail.

To the second ground—that it did not appear that losses had been sustained by the company—I need only say, that it was not necessary to aver in the complaint that such losses had been sustained.

The third section of the amended act of 1849 vests in the directors of the company the right of deciding what amount or portion of the note shall be paid. It provides for the payment, at such times as the directors shall deem necessary, for the honorable and prompt payment of the losses and expenses of the company.

The third ground of demurrer, that there is no demand averred, is not well taken. The complaint says, they required the defendants to pay the amount of the assessments, which they refused. This was sufficient. The demurrer was properly overruled.

The evidence of assessment by the directors on the notes was sufficient. The witness proved, from his own knowledge, that the books produced were the books of the company, and contained the entries of the proceedings of the board, made by the secretary in his presence. It was not necessary that the secretary should be called for this purpose. Any other person possessing the same knowledge was competent to prove that fact, and as the witness testified to the identity of the books from his own knowledge, the books were sufficiently proven to warrant their admission as evidence of the proceedings of the board of directors, and of the assessments by them on the notes in question.

The objection that there was not sufficient proof of the marriage of the defendant Mary to Paige was not taken on the trial. Had it been then made, the defect could have been supplied by further testimony, if necessary. It is too late to make it for the first time on appeal.

By the evidence, it appears that an assessment of twenty per cent. was levied in April, 1852, on all notes taken prior to July, 1851, and, in 1853, that —— per cent. be laid on all notes. This is all the evidence as to the amount of the assessments. Under this evidence the plaintiffs could only recover twenty per cent. and interest. A resolution laying a —— per cent. assessment was a nullity.

The amount of the notes was $33.25; twenty per cent. on this

amount was $6.65. This was all that was legally chargeable to the defendants under the resolutions, as stated in the return. The interest would be $2.45, and the costs below, $3.50, making in all $12.60.

The judgment should be reduced to this amount, and affirmed for that sum without costs of appeal.

Judgment accordingly.